**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30314 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00038-JLQ |
| v. | |
| MICHAEL JAMES ALDERMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted October 25, 2016[**]

Before: LEAVY, GRABER, and GOULD, Circuit Judges.

Michael James Alderman appeals from the district court's judgment and

challenges the 228-month sentence imposed following his guilty-plea conviction

for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Alderman contends that, in light of the allegedly fundamental flaws of U.S.S.G. § 2G2.2, the district court procedurally erred by considering that Guideline in arriving at his sentence. The district court did not err. The record demonstrates that the district court recognized its discretion to vary downward from the correctly-calculated Guidelines range based on a policy disagreement with the applicable Guidelines, but declined to do so in this case. *See United States v. Henderson*, 649 F.3d 955, 963-64 (9th Cir. 2011) (district courts may vary from the child pornography Guidelines based on a policy disagreement, but they must continue to consider the applicable Guidelines as a "starting point" and are not obligated to vary from the child pornography Guidelines).

Alderman next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Alderman's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the nature of the offense and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

15-30314